# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 8:17CR66 |
| vs. | |
| **GEORGE N. GRANT,** | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court for initial review of the Defendant George N. Grant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), filed at ECF No. 70. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On October 5, 2017, following a jury trial, the Defendant was found guilty of Count I of the Indictment, Sexual Abuse by Force or Threat in violation of 18 U.S.C. §§ 2241(a) and 1153. He was sentenced on February 12, 2018, to a term of 72 months incarceration and seven years of supervised release. Judgment was entered on February 14, 2018, and an Amended Judgment was entered on February 21, 2018, to include the date of the Defendant's self-surrender. The Defendant did not appeal from his conviction or his sentence. Accordingly, Judgment was final at the close of the day on March 7, 2018. See Federal Rule of Appellate Procedure 4(b)(1)(A). His § 2255

Motion was dated April 22, 2019, ECF No. 70 at Page ID 247-48, and filed with the Clerk on the same day.

## DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Defendant argues that his court-appointed counsel was ineffective for failing to investigate and argue a "diminished capacity" defense based on the Defendant's alleged delirium, induced by alcohol and marijuana abuse. The Defendant also argues that he has newly discovered evidence of organic brain impairment that would suggest he lacked the requisite intent to commit the offense that led to his conviction. The only "evidence" the Defendant presents of such organic brain impairment is text book

references to conditions such as delirium and alcoholic neuropathy. ECF No. 70 at Page ID 250-55.

The Defendant presents no facts or argument regarding the timeliness of his Motion, or why it should not be barred by 28 U.S.C. § 2255(f)(1). The Court concludes that the § 2255 Motion is untimely, and it will be summarily denied.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 70;
2. The claims raised in the Defendant's § 2255 Motion are summarily denied;
3. A separate Judgment will be entered; and
4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 24th day of April, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge